SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOEL ARBISSER and 4722 FT. HAM PKY LLC,

         Plaintiffs,

-against-

JPMORGAN CHASE BANK, N.A.,

         Defendant.

Index No. _____

**COMPLAINT**

Plaintiffs Joel Arbisser and 4722 Ft. Ham Pky LLC (together, "Plaintiffs"), by and through their attorneys, Lazarus & Lazarus, P.C., for their Complaint against Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs previously commenced an action against their public adjuster, Michael Roth and H. Roth Adjusters Ltd. (the "Roth Action"), arising out of the handling and disbursement of insurance settlement proceeds and deposit of funds into Plaintiffs' Chase account.

2. This action seeks recovery of $209,176.18 that Defendant Chase unilaterally debited from Plaintiffs' bank account without authorization and based solely on an alleged indemnification obligation between Chase and Silicon Valley Bank ("SVB") to which Plaintiffs were not a party.

3. If Plaintiffs are not made whole in the Roth Action, equity requires that Chase indemnify Plaintiffs for the funds Chase chose to withdraw from Plaintiffs' account.

## PARTIES

4. Plaintiff Joel Arbisser is an individual residing in the State of New York.

5. Plaintiff 4722 Ft. Ham Pky LLC is a New York limited liability company.

1

6. Defendant JPMorgan Chase Bank, N.A. is a national banking association authorized to do business in New York and maintaining offices and branches in New York County.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to CPLR § 302.

8. Venue is proper in New York County pursuant to CPLR § 503 because Defendant maintains offices and regularly transacts business in New York County.

## FACTUAL ALLEGATIONS

### The Insurance Claim and Roth Disbursements

9. Plaintiffs owned property located at 4722 Fort Hamilton Parkway, Brooklyn, New York, which sustained flood damage.

10. Plaintiffs retained Michael Roth and H. Roth Adjusters Ltd. as public adjusters in connection with an insurance claim filed with Roundhill Express, LLC ("Roundhill").

11. Roundhill settled the claim and issued multiple checks, including checks payable to Plaintiffs totaling approximately $296,429, which were sent to Roth.

12. Plaintiffs never received those checks. Instead, upon information and belief, the checks were endorsed by Roth and presented for deposit into one or more accounts controlled by Roth, without Plaintiffs' knowledge or authorization.

13. Roth subsequently issued two checks payable to Plaintiff Arbisser totaling $209,176.18 (the "Roth Adjuster Checks").

14. On or about October 16, 2021, Plaintiffs deposited the Roth Adjuster Checks into Joel Arbisser's Chase bank account ending in 5138 (the "Account").

15. The Account was opened by Plaintiffs solely for the purpose of receiving and holding insurance settlement proceeds relating to the Roundhill claim.

### Chase's Unilateral Withdrawal

16. After the Roth Adjuster Checks were deposited and cleared, Chase, without notice, consent, or authorization from Plaintiffs, debited $209,176.18 from the Account (the "Withdrawal").

17. By letter dated November 15, 2021, Chase advised Plaintiff Arbisser that the Withdrawal was made based on an "indemnification" Chase allegedly received from SVB relating to a purported fraudulent wire.

18. Chase claimed that the funds deposited into Plaintiffs' Account were connected to ACH transactions involving third-party accounts, including Telestream, LLC and Western Construction—entities with which Plaintiffs have no relationship.

19. Plaintiffs are not SVB customers and never authorized Chase to debit their funds to satisfy any obligation between Chase and SVB.

20. Subsequently, on June 6, 2023, Plaintiffs commenced the Roth Action, arising out of the handling and disbursement of insurance settlement proceeds and deposit of funds into Plaintiffs' Chase account.

21. In response to subpoenas, Chase produced a Uniform Indemnification Agreement between Chase and SVB governing certain ACH transactions, but no agreement, authorization, or document permitting Chase to withdraw funds from Plaintiffs' Account.

### Chase's Refusal to Reimburse Plaintiffs

22. Chase directed Plaintiffs to SVB for further information regarding the Withdrawal.

23. SVB confirmed that Plaintiffs are not SVB clients and refused to provide information.

24. Plaintiffs made formal written demands that Chase return the $209,176.18 withdrawn from the Account.

25. Chase has failed and refused to return Plaintiffs' funds and has taken the position that its decision is final.

26. Chase has represented that it has produced all documents relating to the Withdrawal, none of which establish Plaintiffs' consent, authorization, or responsibility.

## FIRST CAUSE OF ACTION

### Indemnification

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiffs were not negligent and committed no wrongful acts or omissions in connection with the deposit of the Roth Adjuster Checks, the maintenance of the Account, or the transactions cited by Chase as the basis for the Withdrawal.

29. Plaintiffs exercised no control, supervision, or authority over Chase's internal investigation, its determination that an indemnification obligation existed between Chase and Silicon Valley Bank, or its decision to debit Plaintiffs' Account.

30. Chase exercised exclusive authority, direction, supervision, and control over Plaintiffs' Account, including the unilateral decision to restrict the Account and withdraw $209,176.18 therefrom.

31. The Withdrawal was effected solely by Chase, based on Chase's own assessment of an alleged indemnification obligation between Chase and Silicon Valley Bank, to which Plaintiffs were not a party and over which Plaintiffs had no control.

32.     To the extent the Roth defendants are found not liable to Plaintiffs for the loss of the $209,176.18, any liability arising from the Withdrawal is attributable to Chase's conduct, and not to any negligence or wrongdoing by Plaintiffs.

33.     Alternatively, and in the absence of any negligence, Chase had the authority to direct, supervise, and control the acts giving rise to Plaintiffs' loss, including whether to debit Plaintiffs' Account and apply Plaintiffs' funds to satisfy obligations unrelated to Plaintiffs' banking relationship.

34.     Plaintiffs face loss of the $209,176.18 withdrawn from their Account as a result of the same underlying events that are the subject of the Roth Action.

35.     As between Plaintiffs and Chase, equity and fairness require that Chase bear ultimate responsibility for the loss caused by the Withdrawal and indemnify Plaintiffs for the full amount thereof.

36.     Plaintiffs have been damaged in an amount not less than $209,176.18, together with interest, costs, and disbursements.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

37.     Plaintiffs repeat and reallege paragraphs 1 through 36 as if fully set forth herein.

38.     Chase was enriched by retaining and applying $209,176.18 withdrawn from Plaintiffs' Account to satisfy obligations or losses unrelated to Plaintiffs, including alleged indemnification obligations between Chase and SVB.

39.     Plaintiffs conferred a benefit upon Chase by maintaining funds in their Chase Account that Chase unilaterally seized and applied for its own purposes.

40. Chase's enrichment came at Plaintiffs' expense, as Plaintiffs lost the full $209,176.18 deposited into their Account and were deprived of the use and benefit of those funds.

41. Chase retained the benefit of Plaintiffs' funds without Plaintiffs' consent, authorization, or any contractual or legal basis permitting such withdrawal.

42. Plaintiffs were not parties to, and received no benefit from, any indemnification agreement or arrangement between Chase and SVB, nor did Plaintiffs authorize Chase to apply their funds toward any such obligation.

43. Under principles of equity and good conscience, it would be unjust for Chase to retain the benefit of Plaintiffs' funds while Plaintiffs bear the loss caused by Chase's unilateral decision to debit the Account.

44. Plaintiffs have been damaged in an amount not less than $209,176.18, together with interest, costs, and disbursements.

## DAMAGES

45. Plaintiffs have suffered damages in an amount not less than **$209,176.18**, together with interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant JPMorgan Chase Bank, N.A. as follows:

    a. Awarding Plaintiffs damages in the amount of $209,176.18;
    b. Awarding pre- and post-judgment interest;
    c. Awarding costs and disbursements; and
    d. Granting such other and further relief as the Court deems just and proper.

Date: January 16, 2026
New York, NY

LAZARUS & LAZARUS, P.C.
*Attorneys for Plaintiff*

*/s/ Harlan M. Lazarus*
HARLAN M. LAZARUS, ESQ.
240 Madison Avenue, 8th Floor
New York, NY 10016
Tel. (212) 889-7400